The next case this morning is 5-23-0308, People v. Crittendon. Arguing for the appellant is Hannah Petersaw. Arguing for the appellee is Claire Connolly. Each side will have 10 minutes for their argument. The appellant will also have 5 minutes for rebuttal. Please note, only the clerk of the court is permitted to record these proceedings today. Morning, counsel. Is it Petersaw? Yes, your honor. Okay. Ms. Petersaw, would you like to proceed on behalf of your client? Yes, your honor. Hannah Petersaw from the Office of the State Appellate Defender, on behalf of Demetrius Crittendon, the defendant appellant. May it please the court. Although there are two issues in the briefs, I plan to focus my time today on the first issue concerning improper jury instructions. However, I'm happy to take questions about the sentencing issue at any point as well. In this case, the jury was given an improper mishmash of contradictory and incomplete issues instructions that told the jury, along with the other instructions and closing arguments in this case, that they could find Mr. Crittendon guilty of first-degree murder without ever considering the issue of self-defense and further characterize the issue of second-degree murder as merely optional and not something that they were required to consider. The state does concede that the appropriate pattern instructions were not given in this case, so the only issues before this court is whether the error rises to the level of plain error or whether it resulted from defense counsel's ineffectiveness. But I'd like to turn first to just a brief explanation of what exactly happened here with the issues instruction, along with an explanation of what the two significant problems that arose from the issues instruction were. So, in this case, the trial court did rule that Mr. Crittenden was entitled to instructions on both self-defense and second-degree murder based on unreasonable self-defense. Once that ruling was made, the appropriate issues instruction to give is IPI 7.06, which concerns how the jury should deliberate on the issues in both first- and second-degree murder. The trial court incorrectly ruled that the state's proffered issues instruction, IPI 7.02, could be given, and defense counsel objected to that ruling. The trial court then went on to also rule that defense counsel's proffered instruction, IPI 7.06, could also be given. And as an initial matter, we know that that ruling in and of itself was erroneous. We know that from this court's recent decision in oaths as well as the first district's decision in heirs. However, the problem was made even worse by the fact that the proffered version of IPI 7.06 that defense counsel gave to the court was incomplete. It was essentially missing the first page, which included the most essential elements of how the jury is to deliberate on first-degree murder in a self-defense case and how to move on to deliberations on second-degree murder. So, as a result, the issues instruction that was ultimately given told the jury to find Mr. Crittenden guilty on a finding of just two propositions, causation and a knowing mental state. This jury was not informed that the state had the burden of proving a third proposition that the killing was done without a lawful justification. This, we also know, is error. There is a number of cases that hold that failure to prove or failure to inform the jury of the state's burden of proving a lack of lawful justification is grave error, especially in a case like this where that was really the only contested issue. And not only that, but the state has made an argument that the other instructions sort of remedied this issue. And the state has pointed to the definition instruction for first-degree murder, which is the general instruction on the state's burden of proof, which it holds throughout the trial. However, those set of instructions directly conflicted with the issues instruction. The jury was told on the one hand that first-degree murder is a killing without lawful justification and that the state bears the burden of proving this offense. They were then told in the second breath that they should find Mr. Crittenden guilty upon just simply finding causation and knowing mental state. So we know that the contradiction on that key element is also a grave error. And that's amply demonstrated in this, such as Berry, the first district's decision in Cassini, and there's a number of other cases as well. The second problem that arose from this issue's instruction is that in IPI 7.06, the jury is informed that once they find the three propositions of first-degree murder proven beyond a reasonable doubt, they are then to continue their deliberations to consider mitigating the offense to second-degree murder. In this case, the issue's instruction told the jury to find Mr. Crittenden guilty upon those findings of first-degree murder, full stop. The jury was then told that they could not consider second-degree murder unless and until they made those findings. But nowhere in any of the instructions were they informed that second-degree murder, was a requirement once they reached the finding of first-degree murder. And again, we know that omitting a key element such as this in a case where self-defense and second-degree murder are the primary issues is grave error. Not only that, but the state's closing arguments made this much worse. The state repeatedly referred to second-degree murder as an option or a discount. The state also told the jury that they would never need to get to the issue of second-degree murder because they would simply find Mr. Crittenden's self-defense argument to be incredible. However, under the law, we know that the only way the jury would never need to get to the issue of second-degree murder is if the jury acquitted Mr. Crittenden. Instead, if they found the elements of first-degree murder proven beyond a reasonable doubt, they were required to go on to consider second-degree murder. So the state clearly misstated the law in its closing arguments and further confused matters with respect to that issue's instruction. With regard to the issue of plain error, there's ample case law establishing that second-pronged plain error or grave error under Rule 451C occurs either when issues instructions are contradictory on key disputed elements or when a key disputed element is omitted. And here we have both of those problems. The issue's instruction contradicted the definition instruction as well as other instructions that the state has pointed to. And it omitted these two key principles that the jury was required to find that the state proved a lack of lawful justification and that the jury was required to consider second-degree murder if it made that finding. So second-pronged plain error clearly requires this court to reverse and remand for a new trial. However, this error also clearly resulted from counsel's ineffectiveness. And I understand the state has made an invited error argument here. But when you look at the record of what occurred during the jury instructions conference, it is very clear that counsel intended to pursue a self-defense theory, that counsel objected to the state's proffered issues instruction that did not clearly include the self-defense and second-degree murder elements, and attempted to proffer the correct issues instruction IPI 7.06. The fact that counsel accidentally tendered an incomplete instruction is not a deliberate choice to proceed in one manner and then to proceed differently on appeal. And that is the standard for invited error. This was clearly simply negligence. Counsel stated that he thought the issue with the missing pages had to do with a computer problem, but then he simply never followed up on that problem. This was just negligence, and I can't conceive of any possible reasonable trial strategy that would include submitting an incomplete pattern instruction to the court that does not comport with your client's theory of defense. So this is not a case of invited error. In fact, this is a very clear-cut case of ineffective assistance of counsel. Because not only did counsel fail to correct the issue with the missing pages, counsel failed to object once clearly erroneous issues instructions were read to the jury. So, again, this court does not necessarily even need to get to the issue of ineffective assistance because this is an obvious second-prong plane error issue. But ineffective assistance also applies, as does first-prong plane error, given that the key disputed issue here was the defendant's state of mind, whether he believed in the need to defend himself and whether that belief was reasonable or unreasonable. And there's a number of cases that explain that those issues are uniquely suited to the  It's a credibility determination based on Mr. Crittenden's testimony versus the testimony of the state's witnesses. And the jury could not properly weigh that credibility without being properly instructed on how to do so. So I'm happy to take any questions on that issue or on the sentencing issue. Justice McKinney? No questions. Justice Welch? No questions. Okay. Thank you, Ms. Peterson. We will give you some time for rebuttal after Ms. Connelly argues for the state. Thank you, Your Honor. Get our timer reset. Okay, Ms. Connelly for the state. May it please the court. Counsel, my name is Claire Wesley Connelly. I'm a staff attorney with the Illinois State's Attorney Appellate Prosecutor's Office in this case. Regarding the jury instruction issue in this case, any error in this case was clearly invited by defense counsel when he himself challenged the, he submitted the challenge to jury instruction. Now, the defendant is suggesting and arguing, and we agree, the right instruction in this should have been the pattern jury instruction 7.06. That's the correct jury instruction in this case. Defense counsel, the first day when it was discussed during jury instruction, proposed a non-pattern modified jury instruction for 7.06 once he sought to have the jury instruction on self-defense and second degree murder. He is the one who submitted what the defense is now suggesting is the improper jury instruction. It's not the responsibility of the prosecutor. It's not the responsibility of the trial court to submit jury instructions on behalf of the defendant in this case. It was not accidental in this case because the second day when this was discussed, let me backtrack. On the first day, the trial court pointed out to the defendant, to defense counsel, that there was page missing and defense counsel submitted, yes, the first portion of 7.06 was missing. On the second day, when they went to discuss this again, the defense counsel did not include the missing portion. Clearly, what he wanted to do was only have this non-IPI modified jury instruction submitted. Once that happened, the trial court then took the 7.02, which is the issues instructions for first degree murder, and included it with the portion that was submitted by defense counsel to provide the jury with what everyone thought was the proper jury instruction in this case. We're not going to look at this or resubmit that this court should not look at this issue under the lens of plain error. This court should look at it under invited error. When there's invited error, you don't get to plain error. The only way that the defendant can get around this is to successfully argue ineffective assistance of trial counsel in this case. Well, even if it's invited, Ms. Conley, even if it's invited error, if you assume that it is, as opposed to negligence on the part of the defense counsel, even if you assume it's invited error, isn't that ineffective assistance of counsel? Well, you have to recall that there are two prongs to ineffective assistance of counsel. So what I'd like to suggest is right at the beginning, this court should look at not while there's the deficiency prong and the prejudice prong. The prejudice prong in this case, clearly no jury was going to ever find the defendant not guilty by reason of self-defense or guilty of only second degree murder in this case. The defendant testified in this case that he went to this bar and when he went to the bar, he had a three foot long rifle stuck in his pants the whole time because he wanted to get away the jury to believe that he didn't go back to that car. But he did go back to the car. And you know why? We know he went back to the car because the state's witnesses said that. And his own witness, Bertha Reed, said he went back to the car. So we have him saying he has a three foot long rifle in his pants. It defies common sense. He also suggests that someone shot at him prior to him firing the gun. He doesn't even say that it was the victim who shot at him because he had his back turned to the victim. He doesn't know who shot him. So how is he going to shoot the victim in self-defense when he doesn't even know the victim shot at him? What you seem to be arguing is the trial court was wrong by allowing the jury to be instructed on second degree in the first place. Regardless, once that decision was made, wasn't the jury required to reach that issue? And because they were not allowed to, because they were improperly instructed, isn't that ineffective assistance? No. So separate, deficiency, prejudice. Those are two prompts. What I am clearly focusing on is the prejudice prompt. I am not going to suggest that the jury should not have received the second degree in self-defense during instruction in this case because the threshold for that is some evidence. There was some evidence. What I'm suggesting is that the evidence that was presented, there was no way that the jury was ever going to find him not guilty by reason of self-defense or that the unreasonable belief in the need for self-defense for second degree murder. That's what I'm submitting in this case. And there was also evidence in this case that the witnesses for the state never saw the victim with the gun. The only person who never saw the victim with a gun was the defendant himself. And there's also suggestion that the defendant said that the victim or someone fired a shot at him. But the five shell casings that were recovered from the scene all matched the murder weapon in this case. There was no other weapon found and none was seen in this case. So in order to find ineffective assistance of counsel, the defendant would have to establish the prejudice prompt. And we submit in this case that he has not. Now turning to. So you're equating prejudice with sufficiency of the evidence. Yes. Yeah. So when you look at the prejudice prompt in Strickland, you look at whether or not is whether it's reasonably likely that the result would have been different. So that's when you look at the evidence in this case. And it's not reasonably likely that the outcome of this case would have been different based upon the evidence that was presented. So and. What about structure? What about second second prong plain error? The structural sufficiency of the evidence or the instructions? Right. So and so what we're submitting is, again, we're not going to plain error because it was invited error. OK, so looking so this court needs to look at under the two prongs of Strickland. Now, the defendant suggests that this court should look at it under the lens of plain error, which is not applicable and invited error. But even if we're going to look at this, what then we look at whether or not there was error in this case and then under second prong, we're going to look at whether or not there was a serious risk that the jurors incorrectly convicted the defendant because they did not understand the relevant law. So that is similar to what we're looking at when we're looking at the deficiency prong of Strickland. So in this case, I outlined in my brief all the other jury instructions that the jury received in this case. They received seven point one. They received two point zero three. And the jury, while did not get an issues instructions for without lawful justification that finding in two point zero three. A in this case, I'm sorry, in seven point one, it says a person commits the offense of first degree murder when he or she kills an individual without lawful justification. The jury also received twenty twenty four dash twenty five point zero six, which is the definitional instruction for self-defense, which talks about how when a person is justified in the use of force in this case. So based upon all the jury instructions that were submitted in this case, the state submits that there was no error in this case. The other things that the courts will look at is the comments made by defense counsel during closing arguments. And in this case, defense counsel himself said, so I ask you to determine whether you believe that it was reasonable. And if it was reasonable, then find him not guilty. If it's not reasonable, find him guilty of second degree murder. Throughout all the arguments, both parties stress the importance of going through each of these individual findings. First degree murder, self-defense, second degree murder. That was the theme throughout all the jury instructions in this case. So based upon the jury instructions in this case, in addition to the seven point zero six that was submitted and the arguments by both counsels, we submit that there was no second prong plane error in this case. So therefore, the people respectfully request that the defendant's conviction in this case be affirmed. Counsel, how do you respond to the defense citation as persuasive authority, this Oates case? I submitted, I don't know if you got my response in a supplemental briefing that I submitted last week after the motion to cite additional authority was granted. But in these lines of cases, I believe Oates cites to the errors case. And in these in this line of cases, what they talk about is the combination of seven point zero two and seven point zero six in its entirety. We don't have that in this case. We have seven point zero two and a modified non-IPI jury instruction in this case submitted by defense counsel. And in those line of cases, the other problem is, is that there was no in the seven point zero two that was given, there was no language of the without lawful justification language. So those lines of cases really don't apply in this case because you have seven point zero two with the without lawful justification language and you have a modified seven point zero six. So those lines of cases really are not applicable in this instance. Let me submit to you, it's a very unique circumstance in this case. All right. Thank you.  You don't buy the defense argument that this was just negligence on the part of the defense counsel. You think this was an intentional modification of seven point zero six? Because when the first day, when defense counsel was given the, was told that, and his explanation is, oh, I printed out my wife's computer. I forgot to include it. But when they discussed it the second day, defense counsel didn't had the opportunity to correct it and did not, and then objected to the state's attempt to remedy the situation by including seven point zero two. So this was not accidental. Doesn't the court have the obligation to make sure that the instructions given correctly state the law regardless of who submits them? Absolutely. Absolutely. The trial court has the responsibility to make sure that the jury instructions in this case are fair, but the jury, but the trial court does not have the responsibility to submit the actual instructions. That's the, that's the job of the prosecutor in this case. That's the job of the defense counsel and defense counsel did not do his job in this case. If we're going to concede that the right instruction in this case should have been the entirety of seven point zero six. He had two opportunities to submit that. He did not do that in this case. Instead, he objected to what the state tried to do to remedy his, the problem that he inflicted in the very beginning by not giving seven point zero six. The trial court is not, does not submit instructions. Both parties do. So while the responsibility, there is a responsibility to try to make sure that the jury instructions that are given are fair, it's the, it's not the trial court's responsibility to actually submit the instructions in this case. That was the job of the defense counsel. Okay. Any other questions? Justice McKinney? No, thank you. Justice Welch? No questions. Okay. Ms. Peterson, rebuttal. Oh, you're muted, muted. I apologize. Thank you, your honors. Just a few quick points. The state submits that the version of IPI seven point zero two given to the jury included the language about without lawful justification, and that is incorrect. The IPI seven point zero two that was given to the jury included just two propositions, causation and annoying mental state. So while this may not be a situation where there was IPI seven point zero two and IPI seven point zero six directly conflicting as there was an oats, the situation is actually worse because the incorrect instruction was given an incomplete and incorrect instruction was given. And those instructions both omitted key disputed elements and contradicted the definition instruction on first degree murder. Counsel characterizes this as a non-pattern modified instruction and suggest that defense counsel had some strategic purpose in not correcting the missing pages. I frankly find that absurd. It seems very clear that counsel intended to correct the error and simply forgot or was distracted by other matters. We don't know exactly. But even if counsel did intentionally submit half of a pattern instruction, that would be even clearer ineffective assistance of counsel because counsel knew from the record what the proper instruction was objected to the incorrect instruction. And I simply can't conceive of a reasonable strategic purpose for submitting half of an appropriate pattern instruction. And just as case, you're correct, it is absolutely the trial court's duty to ensure the jury is properly instructed. In fact, this court in the oaths decision said that it is the trial court's burden to ensure the jury is given the essential instructions as the elements. And no, the trial court did not have to submit IPI 7.06 on its own. But once defense counsel submitted an incomplete version of IPI 7.06, the trial court certainly should have followed up. On the point about. First, prone plain error or prejudice for purposes of Strickland, we can't know how the jury would have decided this case if it had been properly instructed on the key disputed issues. Whether or not Mr. Crittenden went back to the car, heard a shot, didn't hear a shot, even if he did go back to the car, this still could have been unreasonable self-defense. You know, the jury easily could have found that he did not have a reasonable basis to need to defend himself, but that he nevertheless thought he was being shot out, got his gun and shot back. As I said before, this is an issue that is uniquely suited to the jury upon proper instructions, resolving credibility issues and determining the defendant's state of  Finally, defense counsel's closing did not remedy the issues at all. First, as I stated before, the state's argument clearly misstated the law and confused matters further. Defense counsel did not delve into the minutiae of the law, as was discussed in the first district's decision in Getter. This is not a situation where counsel read off an instruction or said anything about the state's burden to prove a lack of lawful justification. What defense counsel did was present the jury with options, and that did not fix the problem that the jury was never told that second degree murder was not an option, but a required consideration. So if there are no further questions. Justice McKinney. No further questions. Justice Welch. No questions. Okay, does that conclude your argument, Ms. Peterson? Yes, Your Honor. If there are no further questions, then we just simply ask this court to reverse and remand for a new trial or any alternative for resentencing as stated in our briefs. Thank you. All right. Thank you both for your arguments here today. This matter will be taken under advisement. We'll issue an order in due course. Have a great day. Thank you.